## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Christine Jouppi, | Civ. No. 19-571 (ECT/BRT) |
| Plaintiff, | |
| v. | |
| EquityExperts.org Midwest LLC, | **PRETRIAL SCHEDULING ORDER** |
| Defendant. | |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule will govern these proceedings unless modified by this Court's order. This Pretrial Scheduling Order has been tailored to the needs of the case with the input of the parties. The parties and their counsel must diligently work to meet all the deadlines and obligations set forth in the Order.

**STIPULATED PROPOSALS TO AMEND THE SCHEDULING ORDER**

If the parties agree on proposals to amend this Pretrial Scheduling Order, a formal motion is not necessary; however, any stipulation to support a proposed amendment must show good cause and explain how the requirements of Local Rule 16.3 are satisfied. Agreement between the parties is not sufficient. If any proposed amended deadlines have already expired, any stipulation must also address the requirements of Local Rule 16.3(d). Stipulated proposals must be filed, and the parties must submit a proposed order in Word format to chambers at thorson_chambers@mnd.uscourts.gov.

**MODIFICATION OF A SCHEDULING ORDER, IF OPPOSED**

If any portion of a proposed amended scheduling order is opposed, a motion to modify the Pretrial Scheduling Order must be made in accordance with Local Rule 16.3.

**PRESERVATION OF DOCUMENTS AND ELECTRONIC DISCOVERY**

The parties have discussed the scope of discovery, including relevance and proportionality. The parties have also discussed any issues about preserving discoverable information. The parties do not foresee that electronic discovery will be a significant issue in this case and have represented they will work together to resolve any disputes.

The parties must further discuss a plan and protocol for any electronic discovery and any preservation issues before **April 11, 2019**, and will present any disputes to the Court before **April 25, 2019**, by letter. The parties are advised that an e-Discovery Guide is available on the Court's website http://www.mnd.uscourts.gov.[1]

---

[1] If a formal plan or protocol is appropriate, the parties should: (1) consider whether their plan should be submitted to the Court as a proposed order; (2) serve early document requests pursuant to Rule 34 to facilitate their discussions about electronic discovery, or, if early document requests are impracticable, a list of the types of documents the party will seek in discovery; (3) discuss where discovery sought is stored, including storage on the party's premises, data stored by a party using third party providers (e.g., the "cloud"), storage on devices used by a party (or its employees, for example) including laptops, smart phones, or other personal devices; (4) discuss whether email or other electronic communications will be sought and identify what electronic discovery tools or techniques will be applied; and (5) discuss the other topics relating to electronic discovery set forth in the Federal Rules of Civil Procedure. A plan or protocol should be clear on how the plan or protocol will operate during the course of fact discovery to satisfy a party's obligation to respond to a first and subsequent set of document requests.

*Template date February 2019*

**DEADLINES FOR INITIAL DISCLOSURES AND FACT DISCOVERY**

1. The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **April 18, 2019**. If a description by category and location of the documents is offered pursuant to Rule 26(a)(1)(A)(ii), the party must provide a copy of their initial disclosure documents by **May 2, 2019**, to the extent they are in that party's possession and control.

2. The parties must commence fact discovery procedures in time to be completed on or before **November 1, 2019**.[2]

**ADDITIONAL DISCOVERY LIMITATIONS**

The following discovery limitations apply:

1. No more than a total of 25 interrogatories, counted in accordance with Fed. R. Civ. P. 33(a), shall be served by either side.

2. No more than 30 document requests shall be served by each side. Objections to document requests must meet the requirements of amended Rule 34(b)(2)(B). If the responding party is producing copies of documents or copies of electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response. If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

3. No more than 40 requests for admissions shall be served by each side.

4. No more than 10 factual depositions, excluding expert witness depositions, shall be taken by each side.

5. The parties have discussed the procedures for noticing and taking Rule 30(b)(6) depositions and agree that they will serve their 30(b)(6) deposition notices by September 15, 2019 so these depositions can be arranged and taken by the fact discovery deadline.

---

[2] This Scheduling Order may permit discovery after other deadlines have passed. As just one example, a motion to amend deadline may expire during the discovery period and discovery necessary to meet the deadline must be diligently pursued prior to the expiration of the motion to amend deadline. The parties must bring fact discovery disputes promptly to the Court's attention (following the required meet and confer) so that discovery disputes that arise during the fact discovery period can be resolved well within the fact discovery period.

3

*Template date February 2019*

6. The parties reserve their rights to seek a medical examination of Plaintiff if she puts her mental or physical condition at issue. Any Rule 35 Medical examination(s) must be scheduled to take place before fact discovery closes.

**DEADLINES FOR EXPERT DISCOVERY**

Disclosure of the identity of expert witnesses under Fed. R. Civ. P. 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), and production of the written report prepared and signed by the expert witness, must be made as follows:

1. The plaintiff anticipates calling up to 2 experts in the fields of liability and damages. The defendant anticipates calling up to 2 experts in the fields of liability and damages. Counsel for the parties must meet and confer to discuss updates to their anticipated experts and their fields of expertise by **November 1, 2019**.

2. The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before **December 2, 2019**.

3. The initial expert written report(s) completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **December 2, 2019**.

4. The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before **January 15, 2020**.

5. Any rebuttal expert written report(s) completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **January 15, 2020**.

6. All expert discovery, including expert depositions, must be completed by **February 14, 2020**. The parties must meet and confer to coordinate expert depositions immediately following each disclosure of experts so that all expert depositions can be coordinated and completed on time. The parties must inform their experts about the deadlines for expert disclosures and depositions in this Scheduling Order.

7. Each side may call up to 2 experts. Each side may take 1 deposition per expert.

*Template date February 2019*

## NON-DISPOSITIVE MOTION DEADLINES

1. Motions seeking to join other parties must be filed and served by **June 3, 2019**. The parties must diligently pursue any investigation or discovery using the appropriate discovery tools available to meet this deadline.

2. Motions seeking to amend the pleadings must be filed and served by **June 3, 2019**. The parties must diligently pursue any investigation or discovery using the appropriate discovery tools available to meet this deadline.

3. **If applicable,** motions seeking an amendment of the pleadings to add a claim for punitive damages must be filed and served by **September 3, 2019**.

4. Non-dispositive motions.

    a) All non-dispositive motions relating to fact discovery must be filed and served by **November 15, 2019**.

    b) All other non-dispositive motions, including motions relating to expert discovery, must be filed and served by **February 14, 2020**.

    c) The parties must meet and confer to resolve fact and expert discovery disputes when they arise, and if unresolved, bring discovery disputes promptly to the Court's attention.

## NON-DISPOSITIVE MOTIONS

If a non-dispositive motion is filed, it must comply with the Electronic Case Filing Procedures for the District of Minnesota, Local Rules 7.1, and for discovery motions, also be in the form prescribed by Local Rule 37.1.

The "Meet and Confer" requirement must include attempts to meet and confer through personal contact, rather than solely through correspondence.

All non-dispositive motions must be scheduled for hearing by calling **Melissa Kruger**, Courtroom Deputy/Judicial Assistant to Magistrate Judge Thorson, at 651-848-1210, prior to filing. Even if the parties agree that a motion can be submitted on the

5

*Template date February 2019*

papers without oral argument, Ms. Kruger must be contacted to set the date for submission of the matter to the Court. The matter will be deemed submitted upon receipt of the last filing. The Court will determine whether to hold a hearing.

Ideally, if the parties are not able to resolve their dispute following their meet and confer and motion practice is necessary, the parties would jointly contact the Court to obtain a hearing date that works for both sides.

Once the moving party has secured a hearing date, it must promptly serve and file the **notice of hearing** informing all parties of the nature of the motion and the date, time and location of the hearing. The moving party may serve and file the motion and remaining motion papers no later than 14 days before the hearing date, unless a different briefing schedule is set. A party may not call chambers and secure a hearing date or "hold" a hearing date without that party promptly serving and filing a notice of hearing.

Counsel may not notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission.

**INFORMAL DISPUTE RESOLUTION (IDR)**

Prior to initiating any non-dispositive motion, parties should consider whether the matter can be informally resolved without a formal non-dispositive motion. **All parties must agree to participate before the Court will consider IDR. If there is no agreement to resolve a dispute though IDR, then the dispute must be presented to the Court through formal motion practice.**

If the parties agree to pursue the IDR process, the moving party, or the parties jointly, must electronically file a short letter setting forth the issue to be resolved. The

6

Court will review the letter and inform the parties whether IDR will be used. If IDR is used, the parties will be contacted by the Court to schedule a telephone conference and allow for position letters to be filed by each side.

If the parties wish to proceed with IDR in a manner other than that outlined above, the short letter must include a specific proposal for the Court to consider.

**DISCOVERY DISPUTES**

    1.    Telephone Conference Required

Before formally moving for an order relating to discovery or requesting IDR, the movant must request a telephone conference with the Court. This request for a telephone conference must be made well in advance of the anticipated filing deadline. Accordingly, before moving for an order relating to discovery, the movant must request a telephone conference with the Court and submit a SHORT JOINT EMAIL to chambers at thorson_chambers@mnd.uscourts.gov setting forth:

    a)    the discovery dispute;

    b)    the parties' positions on informal dispute resolution;

    c)    the deadline for fact discovery and how the discovery dispute affects the deadline; and

    d)    any other information that would be helpful to the parties and the Court in resolving the dispute in a just, speedy, and inexpensive way. No attachments are permitted.

The Court will then schedule a conference call. The telephone conference is required to ensure that the dispute is presented and resolved consistent with Fed. R. Civ. P. 1.

*Template date February 2019*

2.  Form of Discovery Motions

Local Rule 37.1 governs the form of discovery motions. Counsel must adhere to the Rule; however, they should prepare their documents to offer a clear presentation of the discovery dispute in an efficient and effective way. One suggested approach is set forth below.

| |
|---|
| Insert the actual written discovery request |
| Insert the actual response and objections |
| Insert positions after meet and confer to make clear any compromise positions offered by either side |
| Legal argument |
| Specific relief sought |

The history and current status of the dispute should be clear to the Court without having to cross-reference multiple exhibits.

If a party claims that responding to discovery presents an undue burden, the responding party must present evidence supporting this objection in their motion papers.

The Court will give the parties permission to exceed the word limits for their memorandum if the additional words will help avoid the need to cross-reference multiple exhibits to understand the:

- requests at issue;

- responses and basis for objections;

- parties' positions after their meet and confer sessions;

- legal arguments; and

8

*Template date February 2019*

- specific relief sought.

If a party seeks to exceed the limits, they must obtain permission by filing and serving a letter pursuant to Local Rule 7.1(f)(1)(D). The letter should reference this Scheduling Order.

**DISPOSITIVE MOTIONS**

All dispositive motions must be filed and served by the moving party on or before **April 15, 2020**. Counsel for the moving party should schedule the hearing shortly before filing their motion papers by calling **Rachael Morton**, Courtroom Deputy for Judge Eric Tostrud, at **651-848-1190**.  The parties must comply with Local Rule 7.1 and the Electronic Case Filing Procedures Guide, Civil Cases.

When scheduling a summary judgment hearing, the parties must notify the Court whether there will be cross-motions for summary judgment so that the Court may enter an appropriate briefing order. The parties should confer about the possibility of cross-motions before contacting chambers to schedule a summary judgment hearing.

Two courtesy copies of all memoranda and one courtesy copy of all supporting documents should be delivered to Judge Tostrud's chambers no later than the next business day after documents are filed on ECF. Judge Tostrud prefers that the courtesy copies be three-hole punched; unstapled; printed double-sided, if feasible; and, if voluminous, appropriately tabbed.

Notwithstanding the foregoing, no party shall bring a dispositive motion pursuant to Fed. R. Civ. P. 56 while formal discovery is ongoing without first obtaining permission from the undersigned magistrate judge. Permission shall be sought by electronically filing

9

via ECF a letter of no more than three pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed at this time. The other party or parties may file brief letters in support of or in response to the request. Denial of a request for permission to file an interim dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

The parties may seek the entry of a protective order. If a protective order is sought, the parties must use the form available on the Court's website under the Court Forms tab, in the "Pretrial, Discovery and Trial Forms" section as a starting point for their proposed order. *See* Local Rule 26.1(b)(2). In the interim, any documents that any producing party believes should be governed by a protective order shall be produced to opposing counsel for the attorney's review only and shall not be withheld on the basis that no protective order is yet in place. After the protective order is entered, the producing party must appropriately designate the documents under the protective order. The parties' stipulation and proposed protective order must be submitted to the Court before **April 25, 2019.**

## FILING DOCUMENTS UNDER SEAL

If the parties file documents under seal, they must follow the procedures set forth in Local Rule 5.6. This Court notes that the Committee Notes to the Local Rule are instructive. *See* http://www.mnd.uscourts.gov/local_rules/LR-5-6.pdf.

*Template date February 2019*

**SETTLEMENT CONFERENCE**

A settlement conference will take place on **October 4, 2019**. A separate Order for Settlement Conference will be issued.

**TRIAL**

This case will be ready for a **jury** trial on or about **August 17, 2020**. The anticipated length of trial is **3** days.

Date:   April 1, 2019

> *s/ Becky R. Thorson*
> BECKY R. THORSON
> United States Magistrate Judge

*Template date February 2019*